UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DAVID EDWARD POWELL A/K/A DAVID POWELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ZENRESOLVE, LLC.,<br><br>　　　　Defendant. | 1:20-cv-4170-SAL<br>**Civil Action No. _____**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT AND JURY DEMAND

Plaintiff, David Edward Powell a/k/a David Powell, by and through his attorney, Andrew Brown, Esquire, hereby complains against Defendant, ZenResolve, LLC., as follows:

### NATURE OF THE ACTION

1. This is an action brought for violations of the federal Fair Debt Collection Practices Act as codified in 15 U.S.C. §1692 et al. and violations of South Carolina Fair Debt Collection Practices Act § 37-5-108.

### PARTIES

2. Plaintiff is an individual who resides in the State of South Carolina at all times relevant to this action.

3. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

4. Upon information and belief, Defendant is a third party debt collector based in Phoenix, Arizona, with an address listed at 11201 N. Tatum Blvd., Suite 300, PMB 9612, Phoenix, AZ 85028.

5. Upon information and belief, Defendant is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

## JURISDICTION AND VENUE

7. This action is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists of the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this district because Defendant transacts business here and the conduct complained of occurred here.

9. The County or Aiken is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## FACTUAL BACKGROUND

10. That the Plaintiff is a resident of the United States and at all relevant times the Plaintiff resided in South Carolina.

11. That the Plaintiff is an adult American male over the age of fifty.

12. That the Defendant's principal business purpose is the collection of debts. Defendant regularly engages in aggressive debt collection practices on a nationwide basis in the recovery of alleged overdue consumer payment obligations alleged to be due to another.

13. That upon information and belief, Defendant does not maintain any offices in South Carolina.

14. That Defendant regularly uses the mail and telephone systems in conducting their business.

15. That Defendant is a "person" as defined by 47 U.S.C. §153(39).

16. That Defendant is a "Debt Collector" as defined by 15 U.S.C. §1692a(6).

17. That Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

18. Plaintiff reserves the right to amend the Complaint should pertinent facts become known.

19. Plaintiff is an unsophisticated consumer.

20. The instant action arises out of Defendant's attempts to collect upon an undescribed outstanding consumer debt obligation allegedly owed by Plaintiff.

21. Around the autumn of 2020, Plaintiff began receiving calls to his cellular phone, (803) XXX-0690.

22. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 0690. Plaintiff is and always was financially responsible for the cellular phone and its services.

23. At all times relevant to the instant action, Plaintiff also received collection email messages from Defendant.

24. On or before November 16, 2020, Plaintiff advised Defendant he was being represented by counsel for the purpose of filing for bankruptcy protection under Chapter 7. Plaintiff provided

Defendant with Plaintiff's counsel's contact information and advised Defendant he longer wished to be contacted directly with any communications with regard to the collection of any debts.

    26.  Despite Plaintiff directly advising Defendant he no longer wished to be contacted directly, on or about November 16, 2020, Defendant forwarded the following email message directly to Plaintiff:

----- Forwarded Message -----
**From:** "Customer Service" <CustomerService@zenresolve.com>
**To:** "David Powell" <powellXXX@yahoo.com>
**Sent:** Mon, Nov 16, 2020 at 2:03 PM
**Subject:** RE: Email response

Good Morning,

Thank you for letting us know that you have engaged the services of a debt management company and we look forward to working with them. Before we can communicate with a third party about your account, we'll need to receive the appropriate "Power of Attorney" documentation. Additionally, we will be requesting the Debt Management Company provide a license to conduct business in the state you reside in.

Your debt management company should be familiar with this requirement.  Please have them e-mail the documentation to customerservice@zenresolve.com with "Power of Attorney" as the subject.

Please note, that until this information is received collections activity will continue.

 Thank You!

    27.  Not only did the email cause Plaintiff to be greatly confused by requesting some type of undefined Power of Attorney documentation, an undefined type of business license and then suggesting a debt management company would be familiar with Defendant's internal processes, but Defendant entirely disregarded the fact Plaintiff advised them he was represented by an attorney and withdrew his consent for Defendant to contact him directly.

    28. Further, Defendant explicitly stated, until it received its undefined "information", Plaintiff's notification would be ignored and collection activities would continue.

29. Despite Plaintiff's demands, Defendant continued to place calls to Plaintiff's cellular phone seeking collection of the subject debt.

30. Frustrated over Defendant's conduct, Plaintiff spoke with his attorney regarding rights, resulting in expenses.

31. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

32. Plaintiff has suffered concrete harm as a result of Defendant's actions including, but not limited to, undue stress, confusion, invasion of privacy, aggravation that accompanies collection telephone calls and email correspondence, emotional distress, increased risk of personal injury resulting from the distraction caused by never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his computer and cellular phone.

33. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and have further suffered a violation of their state and federally protected substantive interests as a result of Defendant's conduct.

<u>**For A First Cause Of Action**</u>

<u>**Violations Of The Fair Debt Collection Practices Act**</u>

34. That paragraphs one (1) through thirty-three (33) are hereby incorporated verbatim.

35. That Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

36. That Defendant, as part of its regular business, engages in the collection or attempt to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary aspect of its business.

37. That the subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(2)**

38. That the FDCPA, pursuant to 15 U.S.C. §1692c(a)(2) prohibits a debt collector from "communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

39. That Defendant violated 15 U.S.C. §1692c(a)(2) when they ignored Plaintiff telling them he was represented by an attorney and demanded he not be contacted directly regarding the debt and sent its email on November 16, 2020 and stated it would continue with its collection efforts.

    b. **Violations of FDCPA §1692d**

40. That the FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

41. That Defendant violated §1692d when it forwarded their November 16, 2020 email directly to Plaintiff stating it required several unspecified documents from a debt management company, causing severe confusion and panic by Plaintiff.

    c. **Violations of FDCPA §1692e**

42. That the FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. That in addition, §1692e(10) prohibits, "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

44. That Defendant violated 15 U.S.C. § 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.

45. That in spite of the fact Plaintiff informed Defendant he was represented by an attorney and demanded Defendant cease contacting him, Defendant continued to contact Plaintiff directly.

46. That instead of putting an end to this harassing behavior, Defendant explicitly stated it would continue its collection efforts until it received some irrelevant documents and/or information.

47. That through its conduct, Defendant misleadingly represented it still could legally contact the Plaintiff directly, when it could not and no longer had consent to do so.

   c. **Violations of FDCPA §1692f**

48. That the FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

49. That Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by directly contacting Plaintiff after he had advised them he was represented by counsel and demanded they cease.

50. That Defendant's flagrant violation of the law and Plaintiff's rights only served to worry and confuse Plaintiff.

51. That as pled in paragraphs 1 through 33, Plaintiff has been harmed and suffered damages as a result Defendant's illegal actions.

52. That as a direct and proximate result of the Defendant's intentional, willful and wanton actions, the Plaintiff:

    (a)    Suffered severe emotional distress;

    (b)    Suffered actual damages as a result of having to contact his attorney to deal with Defendant's illegal actions;

    (c)    Incurred attorney's fees and costs of this action.

53. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages such as this Honorable Court deems appropriate and just.

## FOR A SECOND CAUSE OF ACTION

### VIOLATIONS OF SOUTH CAROLINA'S FAIR DEBT COLLECTION PRACTICES ACT

54. That paragraphs one (1) through (53) are hereby incorporated verbatim.

55. That Plaintiff is a consumer and the underlying debt is a consumer credit transaction as defined by the South Carolina Fair Debt Collection Practices Act § 37-5-108 et seq.

56. That Defendant is "person" engaged in the collection of a debt as defined by the South Carolina Fair Debt Collection Practices Act § 37-5-108 et seq.

    **a. Violations of SCFDCPA § 37-5-108(2)**

57. The SCFDCPA at section (2) states, "With respect to a consumer credit transaction, if the court as a matter of law finds that a person has engaged in, is engaging in, or is likely to engage in unconscionable conduct in collecting a debt arising from that transaction, the court may grant an injunction. In addition, the consumer has a cause of action to recover actual damages and, in an

action other than a class action, a right to recover from the person violating this section a penalty in the amount determined by the court of not less than one hundred dollars nor more than one thousand dollars."

58. The SCFDCPA further states at section (5); "In applying subsection (2), consideration shall be given to each of the following factors, among others, as applicable: (ii) communicate with a consumer who is represented by an attorney when such fact is known to the creditor or debt collector unless the attorney consents to direct communication or fails to respond within ten days to a communication."

59. That the Defendant violated the SCFDCPA by unconscionably ignoring Plaintiff's demand they not contact him directly and only communicate with his attorney and sending him a confusing email saying he needed to provide unnecessary documents and until the received said unnecessary documents, they would continue with their collection efforts.

60. That Defendant's flagrant violation of the law and Plaintiff's rights only served to worry and confuse Plaintiff.

61. That as pled in paragraphs 1 through 33, Plaintiff has been harmed and suffered damages as a result Defendant's illegal actions.

62. That as a direct and proximate result of the Defendant's intentional, willful and wanton actions, the Plaintiff:

    (a)    Suffered severe emotional distress;

    (b)    Suffered actual damages as a result of having to contact his attorney to deal with Defendant's illegal actions;

    (c)    Incurred attorney's fees and costs of this action.

63. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages such as this Honorable Court deems appropriate and just.

20. All of Defendant's unfair and deceptive practices were willful and knowing within the meaning of M.L.G. c. 93A.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Honorable Court:

(a) Accept jurisdiction over this matter;

(b) Empanel a jury to hear and decide all questions of fact;

(c) Declare that the practices complained of are unlawful and violate the aforementioned bodies of law;

(d) Award Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

(e) Award Plaintiff statutory damages of $1,000.00 as provided under South Carolina Fair Debt Collection Practices Act § 37-5-108(2);

(f) Award actual damages, in an amount to be determined at trial;

(g) Award Plaintiff costs and reasonable attorney's fee as provided under 15 U.S.C. 1692k(a)(3);

(h) Award all damages available to Plaintiff under other applicable Federal and State Law;

(i) Issue a declaration Defendant may not engage in illegal, deceptive and unfair debt collection tactics and practices as outlined by the FDCPA and South Carolina Law;

(j) An injunction prohibiting Defendant from engaging in such collection tactics;

    (k)        Enter any other order the interests of justice and equity require.

Dated: November 30, 2020        Respectfully submitted,

        s/ Andrew Brown  (ID # 12667) (Lead Attorney)
        Andrew Brown, Esq.
        RECOVERY LAW GROUP, APC
        1014 Raleigh Ridge
        Fort Mill, SC 29708
        (888)213-0169
        abrown@recoverylawgroup.com

        Recovery Law Group, APC
        6167 Bristol Parkway, Suite 200
        Culver City, CA 90230-6649
        (310) 997-0471 (phone)
        (866) 286-8433 (fax)
        pmulcahy@recoverylawgroup.com